CHRISTIAN STENFARA
4190 Robby Circle
Corona, CA 92881
(951) 314-2052

no email
no fax

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

RALPH NORTON,

Plaintiff

Vs

CHRISTIAN STENFARA, and DOES 1-5,

Defendant.

Case No.

ED CV17-00191

NOTICE OF REMOVAL

By Fax

TO THE CLERK OF THE ABOVE-TITLED COURT AND THE HONORABLE UNITED STATES DISTRICT JUDGE:

Please take notice, Christian Stenfara ("Defendant") hereby removes to this Court the above captioned action described further below:

1. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.

On September 16th, 2016 Plaintiff, Ralph Norton, ("Plaintiff") filed an unlawful detainer action in the Superior Court of California, County of Riverside, entitled RALPH NORTON vs. CHRISTIAN STENFARA, and DOES 1-5.

Defendant's Answer to the complaint for unlawful detainer was based on an improper Notice to Quit. A true and correct copy of the relevant pleadings, i.e., summons, complaint, and Answer are attached hereto as "Exhibit A."

NOTICE OF REMOVAL

2. This removal is therefore timely because it is not barred by the provisions of 28 U.S.C. § 1446(b).

3. There are no other named Defendants in the action.

4. No previous request has been made for the relief requested.

5. The Superior Court of California for the County of Riverside is located within the Central District of California. Sec 28 U.S.C. § 84(c)(1). Thus, venue is proper in this Court because it is the "district and divisions embracing the place where such action is pending." 28 U.S.C. § 1441(a).

6. This Action is removable to the instant Court because it originally could have been filed in this Court pursuant to 28 U.S.C. § 1441(a) and/or (b). The complaint presents federal questions. Supplemental jurisdiction exists with respect to any remaining claims pursuant to 28 U.S.C. § 1367.

## II. FEDERAL QUESTION: REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §1331 and §1441.

7. The complaint for Unlawful Detainer is subject to strict notice requirements.

8. Defendant filed an Answer to the complaint based on an improper notice, i.e., Notice to Quit, failed to comply with *Code of Civil Procedure* § 1161(2).

9. Notwithstanding said violation of *Code of Civil Procedure* § 1161(2), the Superior Court for the County of Riverside did not sustain the Answer.

10. Federal question exists because Defendant's Answer, a pleading depend on the determination of Defendant's rights and Plaintiff's duties under federal law.

Wherefore, Ralph Norton respectfully removes this action from the California Superior Court for the County of Riverside this Court pursuant to 28 United States Code Sections 1331 and 1441.

NOTICE OF REMOVAL

2

Dated: 2/2/2017

By: *Christian Stenfara*

**Christian Stenfara**

**Defendant, In Pro Per**

# EXHIBIT A

**SUM-130**

# SUMMONS
## (CITATION JUDICIAL)
### UNLAWFUL DETAINER – EVICTION
### (RETENCIÓN ILÍCITA DE UN INMUEBLE – DESALOJO)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CHRISTIAN STENFARA, JASON DOE, and DOES 1-5

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
RALPH NORTON

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

SEP 16 2016

V. REYES

You have 5 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. (To calculate the five days, count Saturday and Sunday, but do not count other court holidays. If the last day falls on a Saturday, Sunday, or a court holiday then you have the next court day to file a written response.) A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*Tiene 5 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. (Para calcular los cinco días, cuente los sábados y los domingos pero no los otros días feriados de la corte. Si el último día cae en sábado o domingo, o en un día en que la corte esté cerrada, tiene hasta el próximo día de corte para presentar una respuesta por escrito). Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org) en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

1. The name and address of the court is:
   *(El nombre y dirección de la corte es):*
   SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
   13800 HEACOCK STREET, BUILDING D, ROOM 201
   MORENO VALLEY, CA 92553
   MORENO VALLEY COURTHOUSE    LIMITED CIVIL CASE

   **CASE NUMBER** *(Número del Caso):* RIC1603331

2. The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
   *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
   TFLG A LAW CORPORATION                              (530) 750-3700
   ERIC G. FERNANDEZ (SBN: 269684)
   NOAH M. BEAN (SBN: 257657)
   202 COUSTEAU PLACE, SUITE 260, DAVIS, CALIFORNIA 95618

3. (Must be Answered in all cases) An unlawful detainer assistant (Bus. & Prof. Code, §§6400-6415) ☒ did not ☐ did for compensation give advice or assistance with this form. (If plaintiff has received any help or advice for pay from an unlawful detainer assistant, complete item 6 on the next page.)

Date: **SEP 1 6 2016**                     Clerk, by **V. REYES**, Deputy
*(Fecha)*                                  *(Secretario)*              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

4. NOTICE TO THE PERSON SERVED: You are served

(SEAL)
   a. ☐ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify)*:
   c. ☐ as an occupant
   d. ☐ on behalf of *(specify)*:
      under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
             ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
             ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
             ☐ CCP 416.46 (occupant)            ☐ other *(specify)*:
   5. ☐ by personal delivery on *(date)*:

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
SUM-130 (Rev. July 1, 2009)

**SUMMONS–UNLAWFUL DETAINER–EVICTION**

Code of Civil Procedure, §§ 412.20, 415.456
www.courtinfo.ca.gov

5

```
TFLG, A LAW CORPORATION
ERIC G. FERNANDEZ (SBN: 269684)
NOAH M. BEAN (SBN: 257657)
202 COUSTEAU PLACE, SUITE 260
DAVIS, CALIFORNIA 95618
TELEPHONE: (530) 750-3700
FACSIMILE: (530) 750-3366

Attorney for Plaintiff
RALPH NORTON
```

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE
SEP 16 2016
V. REYES

SEP 19 2016

VIA FAX

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF RIVERSIDE
## MORENO VALLEY COURTHOUSE
## LIMITED CIVIL CASE

| | |
|---|---|
| RALPH NORTON, <br><br> Plaintiff, <br><br> v. <br><br> CHRISTIAN STENFARA, JASON DOE, and DOES 1-5, <br><br> Defendants. | Case No. MVC 1603331 <br><br> **VERIFIED COMPLAINT FOR UNLAWFUL DETAINER** <br><br> Action based on Code of Civil Procedure Section 1161a and 1161b <br><br> AMOUNT DEMANDED DOES NOT EXCEED $10,000 |

Plaintiff RALPH NORTON ("Plaintiff") alleges:

1. Plaintiff is, an individual over the age of 18 years.

2. The real property, possession of which is sought in this action, is situated in Riverside County, California, in the above-named judicial district, and is commonly described as: 4190 Robby Circle, Corona, California 92881, Assessor's Parcel Number 114-630-016-4 ("the Property").

3. The true names and capacities of Does 1 through 5, inclusive, are presently unknown to Plaintiff, who therefore sues such defendants under such fictitious names pursuant to Code of Civil Procedure section 474. Plaintiff is informed and believes, and on such information and belief alleges, that each such "Doe" defendant is in possession of the Property, without the permission or consent of Plaintiff, and Plaintiff will amend this complaint to state the true names and capacities of said defendants when the same have been ascertained.

1
VERIFIED COMPLAINT FOR UNLAWFUL DETAINER

4. On February 26, 2014, the Property was sold to U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR THE HOLDERS OF SARM 2005-23 in accordance with Civil Code Section 2924 et seq. under a power of sale contained in a Deed of Trust dated November 30, 2005, executed by RYAN WILKINSON, an unmarried man and ELEANORE WILMERTON, an unmarried woman, as trustor(s). U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR THE HOLDERS OF SARM 2005-23's title pursuant to the sale has been duly perfected and a Trustee's Deed conveying title to U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR THE HOLDERS OF SARM 2005-23 has been duly recorded in the official records of the county in which the Property is situated. A true and correct copy of said Trustee's Deed is attached hereto, marked as Exhibit "A", and incorporated herein by this reference.

5. On March 5, 2016, in the manner provided by law, U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR THE HOLDERS OF SARM 2005-23 caused to be served on Defendants CHRISTIAN STENFARA, JASON DOE ("Defendants") a written notice requiring Defendants to vacate and deliver up possession of the Property to Plaintiff within ninety (90) days after service of said notice. A true and correct copy of said Notice is attached hereto, marked as Exhibit "C", and made a part hereof. The Notice was served in the manner provided by law and as more particularly described in the attached Proof of Service, marked as Exhibit "D", which is incorporated herein by this reference.

6. On or about June 8, 2016, U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR THE HOLDERS OF SARM 2005-23 conveyed to Plaintiff its interest in the Property as evidenced by a Grant Deed recorded on June 21, 2016 in the county where the property is situated. A true and correct copy of the Grant Deed is attached hereto, marked as Exhibit "B", and incorporated herein by this reference.

7. Plaintiff is the owner of, and entitled to immediate possession of the property.

8. More than ninety (90) days have elapsed since the service of said Notice, but Defendants have failed and refused to deliver up possession of the Property.

9. Defendants continue in possession of the Property without Plaintiff's permission or consent.

2

VERIFIED COMPLAINT FOR UNLAWFUL DETAINER

10. The reasonable value for the use and occupancy of the Property is the sum of $130.00 per day, and damages to Plaintiff caused by Defendants' unlawful detention thereof have accrued at said rate since June 6, 2016, and will continue to accrue at said rate so long as Defendants remain in possession of the Property.

11. Pursuant to Evidence Code Section 453, Plaintiff states that at the time of trial it will request judicial notice be taken of certified copy of the recorded document referred to in paragraph four (4) hereof and all proofs of service then on file herein.

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

1. For restitution and possession of the Property;
2. For damages in the amount of $130.00 per day from June 6, 2016, and for each day that Defendants continue in possession of the Property through the date of entry of judgment; and
3. For costs and for such other and further relief as the court may deem just and proper.

TFLG, A Law Corporation

Dated: September 2, 2016

By: _____
ERIC G. FERNANDEZ, ESQ.
Attorney for Plaintiff
RALPH NORTON

3
**VERIFIED COMPLAINT FOR UNLAWFUL DETAINER**

UD-105

| ATTORNEY OR PARTY WITHOUT ATTORNEY | | FOR COURT USE ONLY |
|---|---|---|
| NAME: Christian Stenfara   STATE BAR NO.: | | |
| FIRM NAME: | | |
| ADDRESS: 4190 Robby Circle | | |
| CITY: Corona   STATE: CA   ZIP CODE: 92881 | | |
| E-MAIL ADDRESS (Optional):   TELEPHONE NO.: 951-314-2052 | | |
| ATTORNEY FOR (Name): Defendants, In Pro Per   FAX NO. (Optional): | | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Riverside
STREET ADDRESS: 13800 Heacock Street Building D, Room 202
MAILING ADDRESS:
CITY AND ZIP CODE: Moreno Valley, 92553
BRANCH NAME: Moreno Valley Courthouse Limited Civil Case

PLAINTIFF: Ralph Norton, et al
DEFENDANT: CHRISTIAN STENFARA

**ANSWER—UNLAWFUL DETAINER**

CASE NUMBER: MVC1603331

1. Defendant *(each defendant for whom this answer is filed must be named and must sign this answer unless his or her attorney signs):* CHRISTIAN STENFARA

   answers the complaint as follows:

2. **Check ONLY ONE of the next two boxes:**
   a. ☐ Defendant generally denies each statement of the complaint. *(Do not check this box if the complaint demands more than $1,000.)*
   b. ☑ Defendant admits that all of the statements of the complaint are true EXCEPT:
      (1) Defendant claims the following statements of the complaint are false *(state paragraph numbers from the complaint or explain below or on form MC-025):* ☐ Explanation is on MC-025, titled as Attachment 2b(1).

      7,8,9,10

      (2) Defendant has no information or belief that the following statements of the complaint are true, so defendant denies them *(state paragraph numbers from the complaint or explain below or on form MC-025):*
      ☐ Explanation is on MC-025, titled as Attachment 2b(2).

3. **AFFIRMATIVE DEFENSES**  *(NOTE: For each box checked, you must state brief facts to support it in item 3k (top of page 2).)*
   a. ☐ *(nonpayment of rent only)* Plaintiff has breached the warranty to provide habitable premises.
   b. ☐ *(nonpayment of rent only)* Defendant made needed repairs and properly deducted the cost from the rent, and plaintiff did not give proper credit.
   c. ☐ *(nonpayment of rent only)* On *(date):*                before the notice to pay or quit expired, defendant offered the rent due but plaintiff would not accept it.
   d. ☐ Plaintiff waived, changed, or canceled the notice to quit.
   e. ☑ Plaintiff served defendant with the notice to quit or filed the complaint to retaliate against defendant.
   f. ☑ By serving defendant with the notice to quit or filing the complaint, plaintiff is arbitrarily discriminating against the defendant in violation of the Constitution or the laws of the United States or California.
   g. ☑ Plaintiff's demand for possession violates the local rent control or eviction control ordinance of *(city or county, title of ordinance, and date of passage):*

      *(Also, briefly state in item 3k the facts showing violation of the ordinance.)*
   h. ☐ Plaintiff accepted rent from defendant to cover a period of time after the date the notice to quit expired.
   i. ☐ Plaintiff seeks to evict defendant based on acts against defendant or a member of defendant's household that constitute domestic violence, sexual assault, or stalking. *(A temporary restraining order, protective order, or police report not more than 180 days old is required naming you or your household member as the protected party or a victim of these crimes.)*
   j. ☑ Other affirmative defenses are stated in item 3k.

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
UD-105 [Rev. January 1, 2012]

**ANSWER—UNLAWFUL DETAINER**

Civil Code, § 1940 et seq.;
Code of Civil Procedure, § 425.12, § 1161 et seq.
www.courts.ca.gov

9

TRIAL MODE - a valid license will remove this message. See the keywords property of this PDF for more information.